IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BARBARA HAGER                                                                    PLAINTIFF

V.                                          4:12CV00252 JMM

ARKANSAS DEPARTMENT
OF HEALTH; NAMVAR ZOHOORI,
individually and in his
official capacity                                                                DEFENDANTS

ORDER

Pending is the Defendants' motion to dismiss. Plaintiff filed a response. For the reasons stated below, Defendants' motion is granted in part and denied in part.

Standard of Review

Pursuant to Fed. R.Civ. P. 12(b)(1) a Court must dismiss the matter if it lacks subject matter jurisdiction of the complaint. Fed. R.Civ. P. 12(b)(1); *see Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990) (finding that "the nonmoving party receives the same protections [for facial attacks under 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6)"). In a facial attack, the Court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards. *Id*.

When analyzing a motion to dismiss under Rule 12(b)(6), the Court assumes all factual allegations in the complaint are true, however, the complaint must contain sufficient facts, not mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal. *See Grand River Enterprises Six Nations, Ltd. v.*

*Beebe*, 574 F.3d 929, 935 (8th Cir. 2009).  The facts alleged in the complaint " 'must be enough to raise a right to relief above the speculative level' and must 'state a claim to relief that is plausible on its face.' "  *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

Facts

Barbara Hager formerly worked at the Arkansas Department of Health.  While working there, she made an appointment to visit her doctor to prevent developing cataracts.  Her supervisor, Dr. Zohoori, demanded she cancel the appointment.  When she refused, he became irritated and claimed her behavior was insubordinate and disrespectful.  Several days later, Hager was fired under circumstances that she claims similarly-situated male and younger employees would not have been.

After properly exhausting her remedies with the Equal Employment Opportunity Commission, Hager filed this suit against the Arkansas Department of Health and Dr. Zohoori, in both his individual and official capacities.  Plaintiff claims that the Department and Zohoori discriminated against her based upon her gender in violation of Title VII, equal protection, and due process.  Plaintiff seeks compensatory damages against the Defendants and punitive damages against Zohoori in his individual capacity.  Plaintiff claims that the Department and Zohoori discriminated against her based upon her age in violation of the Age Discrimination in Employment Act.  Plaintiff seeks compensatory damages and

liquidated damages from the Defendants. Plaintiff claims that the Defendants violated Section 504 of the Rehabilitation Act by terminating her and failing to accommodate her in her request to see her physician. Again, she seeks compensatory damages. Finally, Plaintiff claims that the Department and Zohoori, in his official and individual capacity, failed to give her timely and proper notice of her FMLA rights, interfered with her FMLA rights, and retaliated against her in violation of her FMLA rights for attempting to see her doctor. Plaintiff seeks compensatory and punitive damages against the Department and Zohoori in his individual capacity. She seeks only prospective injunctive relief against Zohoori in his official capacity.

Analysis of the Law

Because the complaint does not lend itself to easy formatting, the Court will break this order down by defendant and, further, by claim.

 I. <u>Arkansas Department of Health</u>

 A. Title VII claim.

The Department argues that plaintiff's Title VII claim should be dismissed against it because it is based on a legal conclusion. The Court finds that plaintiff has set forth sufficient allegations to proceed on her Title VII claim against the Department.

Section 1981a(b)(1) of the United States Code precludes Hager from recovering punitive damages against the Arkansas Department of Health. She concedes this in her reply brief. Therefore, plaintiff's claim for punitive damages is

dismissed.

    B.    § 1983 claims are dismissed.

Sovereign immunity bars Hager from bringing against the Department her equal-protection and due-process claims. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). The Eleventh Amendment imposes a jurisdictional bar to federal courts hearing citizens' claims against a state and its agencies. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1979). Because sovereign immunity prevents this Court from acquiring jurisdiction over these claims, they are dismissed under FRCP 12(b)(1).

    C.    ADEA claim is dismissed.

Here, too, sovereign immunity shields the Arkansas Department of Health from suit. Congress did not, and indeed could not, abrogate states' Eleventh Amendment immunity in ADEA suits. *Humenansky v. Regents of University of Minnesota*, 152 F.3d 822, 825-26 (8th Cir. 1998); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). This claim is dismissed for lack of jurisdiction.

    D.    FMLA claim is dismissed.

Again for reasons of sovereign immunity, Hager cannot pursue her FMLA claim against the Department. *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012). The Court dismisses this claim for lack of jurisdiction.

    E.    Rehabilitation Act claim may proceed.

The Department argues that plaintiff's Rehabilitation Act claim should be dismissed against it because it is based on a legal conclusion. The Court finds that plaintiff has set forth sufficient allegations to proceed on her Rehabilitation Act

claim against the Department.

    II.    <u>Dr. Zohoori, in his Official Capacity</u>.

    A.    Title VII claim is dismissed.

This claim mirrors Hager's Title VII claim against the Department. The Eighth Circuit has held that a Title VII claim against a supervisor must be dismissed if redundant to a claim against the supervisor's employer. *Artis v. Francis Howell North Band Booser Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998). This claim fits that description and is dismissed.

    B.    § 1983 claims for damages are dismissed.

When sued for damages, state officials are not *persons* under 42 U.S.C. § 1983. *See Murphy*, 127 F. 3d at 754. But the § 1983 definition of *persons* encompasses state officials sued for prospective relief. *Id*. So the Court dismisses Hager's damages claim against Dr. Zohoori in his official capacity. Her claim survives, however, for prospective relief.

Hager requests two types of prospective relief: reinstatement and front pay. Although front pay is equitable in nature, the state would have to draw from public coffers to satisfy such an award. *Campbell v. Ark. Dept. of Corrections*, 155 F.3d 950, 962 (8th Cir. 1998). This result would frustrate the principles underlying sovereign immunity. For that reason, the Eighth Circuit has held the Eleventh Amendment bars plaintiffs from receiving front pay as equitable relief. *Id*. Hager may, therefore, proceed with her claim for reinstatement, but the Court dismisses her claim for front pay.

C. ADEA damages claim is dismissed.

Again, to the extent Hager seeks damages from Dr. Zohoori in his official capacity, this claim is dismissed. Congress did not abrogate states' sovereign immunity when it used its Commerce Clause power to enact the ADEA. *See Humenansky*, 152 F.3d at 825-26. She may, however, proceed seeking reinstatement as prospective relief.

D. § 504 Rehabilitation Claim is dismissed.

This claim mirrors the § 504 claim against the Department. A court must dismiss a Rehabilitation Act claim against an official-capacity supervisor if it is redundant to a claim brought against the supervisor's employer . *See Artis*, 161 F.3d at 1182. Because Hager brings this exact claim against the Department, the Court dismisses this claim against Dr. Zohoori in his official capacity.

E. FMLA

The Defendants did not seek dismissal of Plaintiff's FMLA claims against Dr. Zohoori in his official capacity.

III. Dr. Zohoori in his Individual Capacity

A. Title VII claim is dismissed.

In her response, Hager concedes her Title VII claim lacks merit against Dr. Zohoori in his individual capacity and should be dismissed. The Court, therefore, finds Dr. Zohoori's motion to dismiss is granted.

B. § 1983 claims may proceed.

Though spread throughout her complaint, Hager has pled facts sufficient to

sustain this claim.  At this stage, the Court must accept Hager's allegations as true. *See Beebe, supra.*

A government employee who performs discretionary functions receives qualified immunity unless the conduct violates a plaintiff's clearly established constitutional right.  *Wright v. Rolette County*, 417 F.3d 879, 884 (8th Cir. 2005). Qualified-immunity analysis encompasses two steps.  First, did the plaintiff allege facts sufficient to show a constitutional violation?  *Id.*  And second, if the answer is *yes*, was the right clearly established when the government employee allegedly violated it?  *Id.*

Hager alleges Dr. Zohoori tried to prevent her from visiting her doctor, but would not have treated a similarly-situated male the same way.  When Dr. Zohoori acted, freedom from gender discrimination was a clearly established constitutional right.  *Ottoman v. City of Independence, Mo.,* 341 F.3d 751, 756 (8th Cir. 2003). Hager may thus proceed with her gender-discrimination claim against Dr. Zohoori in his individual capacity.

    C.    § 504 of Rehabilitation Act is dismissed.

Individuals incur no liability under the Rehabilitation Act.  *Taylor v. Selig*, 4:09CV00751 JMM, 2010 WL 1644509 (E.D. Ark. Apr. 20, 2010) *aff'd*, 409 F. App'x 986 (8th Cir. 2011).  This claim is dismissed.

    D.    FMLA claim may proceed.

Individual-capacity defendants may be held liable under the FMLA.  *Rynders v. Williams*, 650 F.3d 1188, 1196 (8th Cir. 2011).  The Court declines Dr. Zohoori's

invitation to ignore binding precedent and denies his motion to dismiss this claim.

    E.    ADEA claim is dismissed.

The ADEA does not provide a basis for individual liability of supervisory employees. *See Stults v. Conoco, Inc.,* 76 F.3d 651,655 (5th Cir. 1996); *Drye v. UAMS*, 2011 WL 30097 (E.D.Ark. 2011). Plaintiff's ADEA claim against Zohoori in his individual capacity is dismissed.

## CONCLUSION

The Defendants' Motion to Dismiss (Docket # 11) is GRANTED in part and DENIED in part. Against the Department, the Court dismisses Hager's Title VII punitive-damages claim, her § 1983 claims, her ADEA claim, and her FMLA claim. Against Dr. Zohoori in his official capacity, the Court dismisses Hager's Title VII claim, her § 1983 damages claims, her ADEA damages claim, and her Rehabilitation Act claim. Against Dr. Zohoori in his individual capacity, the Court dismisses Hager's Title VII, ADEA claim, and Rehabilitation Act claims.

IT IS SO ORDERED this 29th day of October, 2012.

                                            James M. Moody
                                            United States District Judge